FILED

2008 Aug-27  PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **SUSAN BATTLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:08-CV-930-VEH** |
| | ) | |
| **DEKALB COUNTY** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion for Dismissal of all claims. (Doc. 4).

Defendant has  briefed the issues (docs. 5, 10), as well as the Plaintiff (doc. 9).  The

court has considered the parties' arguments and is of the opinion that Defendant's

Motion for Dismissal, for the reasons stated below, is due to be **GRANTED** in part

and **DENIED** in part.

**I.      INTRODUCTION**

     **A.      The Parties**

The plaintiff, Susan Battles, ("Battles", "Plaintiff") is a former employee of the

defendant, DeKalb County Commission, ("Defendant", "The Commission").  As an employee, Battles served as DeKalb County EMA director, a position she held since August, 2003.  Her employment was terminated by the DeKalb County Commission President, Sid Holcomb, in March, 2008.

> B.    The Claims

Battles's lawsuit arises out of her termination.  Her complaint (doc. 1) contains one count and is based on 42 U.S.C. § 1983.  Count One rests on two bases to support her cause of action under 42 U.S.C. § 1983: the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. Battles's Due Process claims are based on procedural due process alone and contain allegations of post pre-deprivation and post-deprivation violations.  Relief is requested in the form of a declaratory judgment invalidating the Commission's employment policies, practices and procedures; an injunction preventing further violations; and monetary damages.

## II.    FACTUAL ALLEGATIONS AND PROCEDURAL POSTURE

> A.    Factual Allegations

The factual allegations of Battles's Complaint are set out as follows:

1.    Susan Battles began her employment with the defendant in May of 2003.

2.    In August of 2003, Ms. Battles was promoted to DeKalb County EMA

Director.

3.      At all material times, Ms. Battles, as a public employee who could only be terminated for cause pursuant to the defendant's policies and procedures, held a constitutionally protected property interest in her continued employment with the defendant.

4.      On March 5, 2008, Commission President Sid Holcomb placed Ms. Battles on administrative leave without pay in the absence of cause.

5.      On  March 19, 2008, Ms. Battles was terminated by Sid Holcomb, President of the DeKalb County Commission.

6.      Prior to her termination, the Defendant failed to provide Ms. Battles with adequate notice as to the alleged basis for her termination.

7.      Prior to her termination, the Defendant failed to provide Ms. Battles with an adequate opportunity to rebut the alleged basis for her termination.

8.      Mr. Holcomb lacked the authority to unilaterally terminate Ms. Battles without a lawful vote of the DeKalb County Commission in connection with Ms. Battles's termination.

9.      The Defendant failed to hold a lawful vote in connection with Ms. Battles's termination.

10.     The Defendant failed to provide Ms. Battles with a post-deprivation hearing

after terminating her.

11.    The Defendant has failed to provide Ms. Battles the opportunity to present to the Commission her side of the facts and circumstances relevant to her termination.

12.    The Defendant, through its policies and procedures, has failed to provide any other means by which Ms. Battles can challenge her termination.

13.    The Defendant's policies and procedures permit the Defendant to violate Ms. Battles's individual right to due process under the 14th Amendment to the Constitution because they (1) fail to provide any date by which any post-deprivation hearing must be held, (2) fail to provide for a procedure for establishing a neutral and unbiased panel to hold such hearings, and (3) fail to provide for any appeal in cases in which an employee's rights are violated by the Personnel Board, which is made up of the same persons as sit on the Commission.

14.    The Defendant's policies lack established procedures to protect the due process of its employees which has allowed the defendants to violate Ms. Battles's rights to due process under the 14th Amendment.

15.    In terminating Ms. Battles, the Defendant intentionally and/or arbitrarily treated her differently from others similarly situated with no rational basis for

4

doing so.

16.    Ms. Battles has suffered loss of employment, loss of wages and benefits, embarrassment, humiliation, anxiety, mental distress and pain and anguish as a result of the Defendant's unlawful conduct.

17.    The Defendant engaged in the unlawful conduct complain of herein knowingly, intentionally, wilfully, wantonly and with malice and/or disregard to Ms. Battles's federally protected rights.

### B.    Procedural Posture

In response to Battles's Complaint, (doc. 1), the Commission filed a Motion to Dismiss and a Memorandum Brief in Support thereof. (Docs. 4-5).   Plaintiff's Responsive Submission (doc. 9) conceded that Battles's pre-deprivation due process claims and equal protection claims were due to be dismissed, leaving only the claims based on a post-deprivation denial of due process before the court.

## II.    Defendant's Motion to Dismiss

### A.    Motion to Dismiss Standard

A Rule 12(b)(6)  motion attacks the legal sufficiency of the complaint.  *See* FED. R. CIV. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *as abrogated by Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007); *see also* FED. R. CIV. P. 8(a).

A plaintiff must provide the grounds of his entitlement, but Rule 8 does not require "detailed factual allegations." *Twombly*, ___ U.S. ___, 127 S. Ct. at 1964-65 (2007) (quoting *Conley*, 355 U.S. at 47). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly* at 1969. In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in the complaint are true, *see United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).

"'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' *Twombly*, ___ U.S. ___, 127 S. Ct. at 1964-65(quotation marks, citations, and brackets omitted). Furthermore, the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level . . . .' *Id*. at ___, 127 S. Ct. at 1965." *Mills v. Foremost Insurance* Co., 511 F. 3d 1300, 1303, (11th Cir. 2008) (quotations and omissions as in original).

6

B.    Analysis

1.    Abandoned Claims

Battles's sole cause of action rests on 42 U.S.C. § 1983, and her complaint provides three alleged bases to support a violation of the statute. (Doc. 1).  These grounds are: (1) a denial of equal protection rights, (2) a pre-deprivation denial of procedural due process, and (3) a post-deprivation denial of due process. *Id.*   In response to Defendant's Motion to Dismiss, Battles conceded that her claims based on a pre-deprivation denial of due process and her equal protection claims are due to be dismissed.  (Doc.  9).   Since the above-described claims were expressly abandoned, only Battles's  post-deprivation procedural due process claim remains. *See Belfast Upsilon Chapter of Pi Kappa AlphaFraternity at Auburn*, 267 F. Supp. 2d 1139 (M.D. Ala. 2003) (claims expressly abandoned in response to a motion to dismiss were.  *See also Gilbert v. U.S. Dept. of Justice*, 252 Fed. Appx. 274, 275 (11th Cir. 2007) (citing *Menuel v. City of Atlanta*), 25 F. 3d 990, 994 n. 7 (11th Cir. 1994)).

2.    Post-Deprivation Procedural Due Process Claim

"The Due Process Clause is the source of three types of Section 1983 claims: (1) violations of incorporated provisions of the Bill of Rights; (2) violations of its substantive component; and (3) violations of its procedural component." *Burch v.*

7

*Apalachee Community Mental Health Servs., Inc.*, 840 F.2d 797, 800 (11th Cir.1988) (en banc), *aff'd sub nom. Zinermon v. Burch*, 494 U.S. 113 (1990). Plaintiff's due process claim is of the third variety, for violation of her procedural rights.  There are at least four elements of such a claim: (1) persons acting under color of state law (2) deprived plaintiff (3) of property (4) without due process of law. *See Parratt v. Taylor*, 451 U.S. 527, 536-37 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327(1986)." *Hicks v. Jackson County Com'n,* 374 F.Supp. 2d 1084, 1088 -1089 (N.D. Ala. 2005); *see also Mathews v. Eldridge*, 424 U.S. 319 (1976) (identifying the same framework for procedural due process violations)*.*

       Battles has alleged that she suffered a deprivation through action under color of state law, and that she was, at all relevant times, a public employee who "could be terminated only for cause pursuant to the defendant's policies and procedures." (Complaint, Doc. 1 at 2).  Defendant did not address this point (Def's  Brief, Doc. 5) and, in any event, Battles's allegations are sufficient for the purposes of this Motion to Dismiss.  Thus, the only point of the analysis at issue is whether Defendant can challenge, at this stage of the proceedings, the merits of Ms. Battles's allegations.

       Defendant relies upon two arguments in contending that its Motion to Dismiss is due to be granted.  First, the Commission claims that by abandoning pre-deprivation procedural due process claims, Battles is precluded by operation of law

from asserting any claim for post-deprivation inadequacies. (Def's Brief, Doc. 5, at 4-5). In the alternative, it argues that, as a matter of law, Alabama provides adequate post-deprivation remedies, thereby precluding relief for Battles. *Id.* This Court will address each of the Commission's arguments in turn.

       i.    <u>Satisfactory pre-deprivation process does not preclude a post-deprivation procedural due process claim.</u>

The Commission argues that "[P]laintiff is seeking to expand the Due Process Clause of the Fourteenth Amendment to require certain post-deprivation procedures." (Def's Reply Brief, Doc. 10 at 2). To support its contention, Defendant relies upon the Supreme Court's decision in *Zinermon v. Burch.* 494 U.S. 113, 127 (1990) ("the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." (emphasis added). By conceding that the pre-deprivation due process claims are due to be dismissed, the Commission argues, the rule in *Burch* requires a conclusion that Battles cannot state a claim for inadequacy of post-deprivation process, regardless of any alleged inadequacies, because she has already received all the process she is entitled to. (Doc. 10 at 2-3). This argument lacks merit.

*Zinermon v. Burch* is factually distinct from the instant case. In *Burch*, the plaintiff was deprived of a liberty interest when administrators at a mental hospital

"voluntarily" admitted the plaintiff, despite his inability to give informed consent. *Burch*, 494 U.S. at 114.  The defendants argued that post-deprivation remedies were the only process due to the plaintiff because admission to a mental hospital was random and unauthorized.  *Id.* at 124, 110 S. Ct. at 982.  Rejecting the defendants' argument, the Court found that plaintiff stated a claim for due process violations, since pre-deprivation process was feasible.  *Id.* at 137.

Besides the obvious factual differences in *Burch*, there are additional reasons why it is not dispositive in the present case.  In *Burch,* the plaintiff challenged only the denial of a procedure prior to his admission to the hospital.  Battles, instead, challenges the fairness of post-deprivation remedies afforded to her by the Commission.  Because of these distinctions, *Burch* should not control.

Indeed, if this Court were to carry the Defendant's argument to its logical conclusion, the Commission would be empowered to provide whatever post-deprivation procedures it saw fit, regardless of delay, bias, or other inadequacies present, so long as some sort of pre-deprivation procedure were provided.

The Court finds, the Supreme Court's decision in *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487(U.S. 1985) instructive in this case.  In *Loudermill*, in an almost identical context, the Supreme Court noted that pre-deprivation and post-deprivation due process claims were to be treated as separate

causes of action. *Id.* at 547, 105 S. Ct. at 1496.

In *Loudermill*, the plaintiff was dismissed from a job (in which he had a property right) on the grounds that the plaintiff had lied on his employment application.  *Id.* at 1490.  He alleged both pre-deprivation and post-deprivation procedural due process violations.  The post-deprivation claims rested on unnecessary delay in the plaintiff's post-deprivation hearing rights which had been granted by local policy and state law.

The Supreme Court  reversed the district court and court of appeals' grant  of a motion to dismiss on pre-deprivation grounds and affirmed dismissal of the post-deprivation claims, but in doing so it acknowledged that a post-deprivation due process violation was still possible, only that the current facts alleged in the complaint did not amount to one.  *Id.* at 547, 105 S. Ct at 1496.  However, the Court further explained,"[i]t might be argued that once we find a due process violation in the denial of a pretermination hearing we need not and should not consider whether the post-termination procedures were adequate . . . . We conclude that it is appropriate to consider this issue [because, among other reasons not relevant to the current case] . . .  the allegation of a distinct due process violation in the administrative delay is not an alternative theory supporting the same relief, *but a separate claim* altogether." *Id.* at 547 n. 2, 105 S. Ct. at 1496 n. 2 (emphasis added).  Thus, *Loudermill* expressly

recognizes that adequacy of a pre-deprivation hearing does not preclude a claim for a post-deprivation denial of due process.

Important to *Loudermill*'s recognition of a possible post-deprivation cause of action is the notion that the state had created a post-deprivation right for the plaintiff through the operation of policy and law. *Id.* at 546 (noting that Ohio law provides for a full-post termination hearing). Similarly, the Commission created a post-deprivation right to a hearing. *See* Def's Brief, Doc. 5 Exhibit A at 23 ("A post-deprivation hearing shall be granted to every employee who is dismissed from employment when the separation is due to . . . dismissal for cause.").

This Court also recognized the creation of a similar post-deprivation right in the context of a motion for summary judgment in *Hicks v. Jackson Cty. Comm'n*, 374 F. Supp. 2d 1084, 1090 (N.D. Ala. 2005), and relied on this right in addition to state law in determining that an adequate post-deprivation procedure existed. *See also Ogburia v. Alabama A & M*, No. 5:06-CV-2275-VEH (N.D. Ala. Jan. 7, 2008) (recognizing under similar facts that complaint stated claim for post-deprivation due process violations without regard as to whether pre-deprivation violations were viable claims).

All of this discussion goes to say that plaintiffs who are given post-deprivation

remedies are permitted to challenge their sufficiency under the due process clause regardless of the adequacy of pre-deprivation remedies. The Supreme Court has not precluded such relief as a matter of law.

Therefore, Plaintiff's abandonment of any pre-deprivation claims does not necessarily preclude a viable post-deprivation cause of action. Accordingly, it is necessary to analyze whether Plaintiff's allegations of a post-deprivation violation of her due process rights state a valid claim. For the reasons discussed below, this Court concludes that Plaintiff is entitled to proceed with her claims.

> ii.   <u>Plaintiff states a valid claim for a post-deprivation procedural due process violation.</u>

The Commission also argues that even if Battles were entitled to allege post-deprivation inadequacies, Alabama provides adequate post-deprivation remedies as a matter of law. In support of its argument, Defendant relies in chief on the Eleventh Circuit's decision in *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994), in asserting that "[*McKinney*] forecloses all possibility of a federal due process claim so long as the state, including the state courts, generally provides an appropriate procedural remedy." (Def's Brief, Doc. 5 at 3).

In *McKinney*, an employee alleged substantive due process violations when he was terminated from his employment. 20 F.3d at 1555. The employee had been

terminated by a panel he believed biased, and this served as the basis of his due process allegations.  *Id.*  The district court had overturned a jury verdict in favor of the plaintiff in denying relief.  On appeal, the Eleventh Circuit  recognized that the due  process claims were substantive in name only and, as such, treated the claims as ones based on procedural rather than substantive due process.  *Id.* at 1563.  It affirmed the district court's entry of Judgment as a Matter of Law on the grounds that Florida law provided adequate remedies available to the plaintiff.  *Id*. at 1564.

In addition to its reliance on *McKinney*, Defendant cites *Cotton v. Jackson*, 216 F.3d 1328 (11th Cir. 2000) (applying *McKinney* in the context of a motion for summary judgment);  *Horton v. Board of County Commissioners of Flagler County*, 202 F.3d 1297 (11th Cir. 2000) (reversing district court remand of procedural due process claims and applying *McKinney*); *Bell v. City of Demopolis*, 86 F.3d 191 (11th Cir. 1996) (per curiam) (applying *McKinney* in the context of a motion for summary judgment); and *Hicks  v. Jackson Cty. Comm'n*, 374 F. Supp. 2d 1084 (N.D. Ala. 2005) (applying *McKinney* in the context of a motion for summary judgment).  While *McKinney* and the above-described Eleventh Circuit cases are valid precedent due to be followed by this Court, these cases do not control this Court's decision under the current circumstances.

The Defendant's Motion requires this Court to find, *at the motion to dismiss*

14

*stage*, that the Defendant provided *adequate* procedures as a matter of law. (*See* Def's Brief, Doc. 5, at 5-6) ("Regardless of her intentions in asserting the post-deprivation administrative remedies provided to her are facially inadequate, the fact is that Alabama provides *adequate* procedural due process, and she cannot therefore state a claim pursuant to 42 U.S.C. § 1983."); (Def's Reply Brief, Doc. 10, at 3) ("Plaintiff's confusion regarding her ability to state a claim based only on the adequacy of the post-termination procedures appears to arise from *McKinney*, which allows a state to 'cure a procedural deprivation by providing a later procedural remedy.') (citations omitted). Neither *McKinney* itself, nor any of the cases relied upon by the Commission, occurred in the context of a motion to dismiss.

In the current procedural posture, this Court must accept the allegations in Plaintiff's complaint as true. *See supra* at 5 (discussing motion to dismiss standard). It is therefore inappropriate to consider the adequacy of available post-deprivation procedures when Plaintiff has complained that these procedures were inadequate.

This Court will not speculate whether or not Defendant's arguments might be successful upon a motion for summary judgement.  At this point in the case, however, it is clear that Battles  has stated a valid claim upon which relief can be granted and should be allowed to proceed with her lawsuit.  Thus, Defendant's Motion to Dismiss is due to be **DENIED**.

## III.   CONCLUSION

For the foregoing reasons, the court **HEREBY ORDERS** as follows:

1.  Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claims based upon the Equal Protection Clause to the Fourteenth Amendment, and the denial of pre-deprivation of procedural due process, and those claims are hereby **DISMISSED WITH PREJUDICE.**

2.  In all other respects,  Defendant's Motion to Dismiss is **DENIED**.

**DONE** this the 27th day of August, 2008.


**VIRGINIA EMERSON HOPKINS**
United States District Judge

16